# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2709 | **DATE** | 11/13/2003 |
| **CASE TITLE** | Hood vs. McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying in part the petitioner's petition for writ of habeas corpus. The parties have until 12/12/03 to provide the court with the records referred to in the opinion. Supplemental ruling set for 1/16/04 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 14 2003 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/13/2003 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. TYRONE HOOD, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 03 C 2709 |
| EUGENE MCADORY, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On May 6, 1996, Tyrone Hood was convicted in the Circuit Court of Cook County of first degree murder and armed robbery. He was sentenced to serve consecutive prison terms of 50 years for the murder conviction and 25 years for the armed robbery conviction.

Mr. Hood appealed his conviction to the Illinois Appellate Court. Mr. Hood raised eight issues in his appeal: 1) failure to suppress evidence resulting from an improper arrest; 2) restriction of his presentation of a defense; 3) improper admission of grand jury testimony and an out-of-court written statement; 4) improper amendment of the indictment at the end of the state's case; 5) denial of a fair trial through use of improper and prejudicial testimony; 6) prosecutorial misconduct; 7) insufficiency of the evidence against him; and 8) improper basis for his sentence and excessive nature of those sentence. The appellate court affirmed Mr. Hood's conviction on February 10, 1999.

Mr. Hood sought leave to appeal to the Illinois Supreme Court. He raised three issues: 1) failure to suppress evidence resulting from an improper arrest and error in allowing the State to reopen its case to establish probable cause for the arrest; 2) exclusion of evidence that restricted his presentation of a defense; and 3) improper admission of hearsay evidence. That petition was denied on June 2, 1999.

Mr. Hood filed a petition for post-conviction relief with the Circuit Court of Cook County on May 5, 1999. In that petition, he raised two issues: 1) ineffective assistance of trial counsel and 2) improper use of perjured testimony. The petition was denied on July 7, 1999. Mr. Hood appealed the dismissal of his petition, raising three issues: 1) improper nature of mandatory sentences; 2) violation of rules established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and 3) unconstitutional nature of an amendment to the Post-Conviction Hearing Act. On October 23, 2001, the appellate court affirmed the dismissal of his petition for post-conviction relief. On November 20, 2001, the court denied his petition for rehearing.

Mr. Hood filed a petition for leave to appeal to the Illinois Supreme Court on December 26, 2001, raising three issues: 1) the use of the victim's death as the severe bodily injury for the Class 1 or Class X offense needed to trigger mandatory consecutive sentences under 730 ILCS 5/5-8-4(a); 2) violation of the single-

subject rule by the Post-Conviction Hearing Act; and 3) violation of the rules established in *Apprendi*. The Illinois Supreme Court denied his petition for leave to appeal on December 5, 2002.

On April 22, 2003, Mr. Hood filed a petition for a writ of habeas corpus. He raises six issues:[1] 1) failure to suppress evidence resulting from an improper arrest; 2) error by the trial court in allowing the State to reopen its case to show probable cause for the arrest; 3) improper restriction of his ability to present a defense; 4) use of inadmissible hearsay; 5) improper double enhancement of his sentence; and 6) violation of the rules established in *Apprendi* for imposing consecutive sentences. One issue is procedurally defaulted and four others do not present a basis for relief. I order the parties to produce documents relating to the final issue.

I.

Mr. Hood argues that his arrest was improper and that the resulting evidence should have been suppressed at trial. Where the petitioner has had full and fair opportunity to litigate his Fourth Amendment claims in state court, I will not consider those claims upon a habeas petition. *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Terry v. Martin*, 120 F.3d 661, 663 (7th Cir. 1997). "A prisoner receives an opportunity for full and fair litigation of a Fourth

---

[1] Mr. Hood enumerated five issues in his habeas petition, but listed two issues together. I have separated them for analysis.

3

Amendment claim when (1) the prisoner has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and applied the proper constitutional case law to the facts." *Terry*, 120 F.3d at 663.

Mr. Hood raised the issue of his arrest and the resulting evidence with the state courts on direct appeal. The Illinois Appellate Court rejected Mr. Hood's argument that he was unlawfully detained prior to his formal arrest on May 27, 1993. Ex. B at 13-16. While Mr. Hood stayed at the police station for some time before his eventual arrest, the court found that his stays were voluntary. *Id.* (citing *United States v. Mendenhall*, 446 U.S. 544, 553-4 (1980)). Mr. Hood was told that he was not under arrest and that he was free to leave. Ex. B at 15. Further, he stayed in unlocked rooms while he was at the station, was able to use the telephone and the bathroom, and was not searched, handcuffed, or photographed. Ex. B at 15-16.

The appellate court also rejected Mr. Hood's argument that the police had no probable cause to arrest him on May 27, 1993. Ex. B at 17-18. Mr. Hood argued that the informant whose statement provided probable cause for Mr. Hood's arrest was unreliable. The appellate court found that the informant was "sufficiently reliable to support a finding of probable cause." Ex. B at 18. The

4

informant was an eyewitness who was able to give the police a detailed report, which was corroborated by other evidence available to the police. The court found that this evidence was "sufficient to cause a reasonable person to believe that an offense has been committed, and that the person arrested committed it." *Id.* (citing *People v. Moody*, 445 N.E. 2d 275 (1983)). As the state court has already given a full and fair evaluation to these arguments, I will not consider them.

II.

Mr. Hood also argues three issues relating to state evidentiary law: (1) that the State was improperly allowed to reopen its case to show probable cause for Mr. Hood's arrest; (2) that the trial judge improperly excluded evidence relating to Mr. Hood's defense; and (3) that the trial judge improperly admitted hearsay against Mr. Hood. "Evidence wrongly admitted does not support a writ of habeas corpus unless all things considered the trial posed an unacceptably great risk of convicting an innocent person, and the judicial process therefore denied the accused due process of law." *Gonzalez v. DeTella*, 127 F.3d 619, 621 (7th Cir. 1997). The decision of a trial judge to admit or exclude evidence rests on state law, and that decision will not be reviewed under a habeas petition barring a denial of fundamental fairness to the defendant. *Neumann v. Jordan*, 84 F.3d 985, 987-988 (7th Cir. 1996); *Stomner v. Kolb*, 903 F.2d 1123, 1128 (7th Cir. 1990).

5

None of the issues presented by Mr. Hood create a denial of fundamental fairness at his trial. First, the State was permitted to reopen its case to show probable cause for Mr. Hood's arrest because Mr. Hood raised that issue for the first time in his closing argument. Ex. A at 16-17. Second, Mr. Hood sought to introduce evidence relating to a potential alternate suspect for the crimes committed: the victim's father, Marshall Morgan, Sr. This evidence would have consisted of the fact that Mr. Morgan had previously been convicted of voluntary manslaughter; that Mr. Morgan's fiancee had been found dead, apparently killed in a similar manner as the victim; and that Mr. Morgan had taken out large insurance policies on both his son and his fiancee shortly before their deaths. Ex. A at 18-21. Mr. Hood did not, however, proffer any evidence placing Mr. Morgan at the murder scene or otherwise tying him to the crime. Third, Mr. Hood objected to the introduction of testimony by Detective Robert Lenihan as to his inability to tie two potential alternate suspects to the crime. Mr. Hood argues that this testimony was inadmissible hearsay. Mr. Hood also argues that he was prejudiced because he was prevented from cross-examining these two potential suspects, yet made no attempt to call the two individuals as witnesses as part of his defense. Ex. A at 24-25. None of these evidentiary decisions by the trial court amounts to a denial of fundamental fairness to Mr. Hood.

III.

One issue raised by Mr. Hood is procedurally defaulted. Federal courts may not review issues of federal law under a habeas petition if those issues have been resolved by a state court on adequate and independent state law grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Adequate and independent state law grounds include circumstances where the state court resolves an issue pursuant to state procedural law. *Id.* at 729-730. Further, state prisoners must exhaust available state remedies before federal habeas review may proceed; the "state should have first opportunity to address and correct alleged violations of state prisoner's federal rights." *Id.* at 731. This bar to federal habeas review applies whether the prisoner's claims are procedurally defaulted by the state courts or the claims are never presented to the state court at all. *Jenkins v. Gramley*, 8 F.3d 505, 507-508 (7th Cir. 1993).

Mr. Hood argues that he was subjected to an improper enhancement of his sentence. Specifically, he objects to the use of the victim's death for both the basis of his murder conviction and as an enhancing factor on his armed robbery conviction. The state appellate court held that Mr. Hood had waived this argument. Ex. E at 2. While the court also made a brief examination of the merits of Mr. Hood's claim, the decision is clearly based on waiver. Ex. E at 2. *See United States ex rel. McDonald v. Page*,

7

108 F. Supp. 2d 993, 1005-6 (N.D. Ill. 2000) (Norgle, J.) (stating that "an alternate finding of no merit, or a cursory discussion of the merits, does not trump an unambiguous finding of procedural default"). Waiver is an adequate and independent state ground, and I will not review the issue. *See, e.g., McDonald*, 108 F. Supp. 2d at 1000 (citing *Harris v. Reed*, 489 U.S. 255, 258 (1989)).

IV.

Mr. Hood finally argues that his Fifth, Sixth, and Fourteenth Amendment rights were violated when consecutive sentences were imposed. The state's highest court must have an opportunity to address a prisoner's claim before that claim may be reviewed in a petition for habeas corpus. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 841-42 (1999); *White v. Godinez*, 192 F.3d 607 (7th Cir. 1999). While respondent argues that this issue was never presented to Illinois' highest court, Mr. Hood argues that it was presented in a supplement to his December 26, 2001 petition for leave to appeal. Before I can make a ruling on this issue, the parties must provide the court with (1) a time-stamped copy of Mr. Hood's Motion for Leave to File a Supplement to Petition for Leave to Appeal Instanter and (2) a copy of the order granting or denying that petition. If these documents do not exist, the parties shall instead provide the court with an affidavit stating that fact. If the court denied Mr. Hood's petition to amend, this final issue will have been procedurally defaulted. If the petition was

8

granted, the issue is not defaulted and may be reviewed on the merits.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 13, 2003