Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2709 | **DATE** | 2/2/2004 |
| **CASE TITLE** | Hood vs. McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying the petitioner's petition for a writ of habeas corpus. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 03 2004 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | | 2/2/2004 date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
TYRONE HOOD,                      )
                                  )
            Petitioner,           )
                                  )
    v.                            )    No.  03 C 2709
                                  )
EUGENE MCADORY,                   )
                                  )
            Respondent.           )
                                  )

## MEMORANDUM OPINION AND ORDER

On May 6, 1996, Tyrone Hood was convicted in the Circuit Court
of Cook County of first degree murder and armed robbery.  He was
sentenced to serve consecutive prison terms of 50 years for the
murder conviction and 25 years for the armed robbery conviction.
On April 22, 2003, Mr. Hood filed a petition for a writ of habeas
corpus, presenting six issues.    I held that one issue was
procedurally defaulted and that four others did not present a basis
for relief.  I ordered the parties to produce documents relating to
Mr. Hood's final issue, and now address that issue.

Mr.  Hood argues that his Fifth,  Sixth,  and Fourteenth
Amendment rights were violated when consecutive sentences were
imposed in violation of the rule announced in *Apprendi v. New
Jersey*, 530 U.S. 466 (2000).   Respondent originally argued that
this issue was procedurally defaulted.    However, the issue was
presented to the Illinois Supreme Court and thus was preserved for
evaluation on the merits. *See, e.g., O'Sullivan v. Boerckel*, 526



U.S. 838, 841-42 (1999); *White v. Godinez*, 192 F.3d 607 (7ᵗʰ Cir. 1999).

Mr. Hood argues that the consecutive nature of his sentences violates the rule established in *Apprendi*, which holds that the jury must "determine all facts (other than a prior conviction) that would raise a sentence above its statutory maximum." *United States v. Noble*, 299 F.3d 907, 909 (7ᵗʰ Cir. 2002). So long as none of the individual sentences exceed the statutory maximum, the imposition of consecutive sentences does not implicate *Apprendi*. *Id.* The Illinois Supreme Court has specifically held that "*Apprendi* concerns are not implicated by consecutive sentencing," *People v. Wagener*, 196 Ill. 2d 269, 286 (2001), stating that settled Illinois law stated that "sentences which run consecutively to each other are not transmuted thereby into a single sentence." *Id.* Further, Seventh Circuit law holds that the rule announced in *Apprendi* is not retroactive on collateral review. *Curtis v. United States*, 294 F.3d 841, 842 (7ᵗʰ Cir. 2002). The rule, announced in 2000, cannot therefore apply to Mr. Hood's 1996 conviction and sentencing. Mr. Hood's claim fails on the merits and his petition for a writ of habeas corpus is denied.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated:  February 2, 2004

2